# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

COREY A. McDOWELL BEY,

    Plaintiff,

-v-                                                                       Case No.  8:12-CV-1049-T-30TGW

MARC GILMAN, et al.,

    Defendants.
_____/

## ORDER

Plaintiff, a state prisoner proceeding *pro se,* initiated this cause of action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1), and a motion to proceed in this action *in forma pauperis* (Dkt. 2). Plaintiff names state Circuit Court Judge Walter Heinrich, Assistant State Attorney Natalia Silverman, and Public Defenders Julianne Holt, Marc Gilman, and Chris Watson as defendants in this action. The complaint essentially alleges that Defendant Heinrich held an unfair and inadequate bond hearing, Defendant Silverman presented false information to the court during that hearing, Defendant Gilman provided Plaintiff inadequate representation, and Defendants Holt and Watson, Gilman's supervisors, knew about Gilman's inadequate representation but failed to do anything about it. The complaint alleges that as a result of Defendants' action, Plaintiff was denied his "pre-trial right to release. . ." (Dkt. 1 at 17). As relief, Plaintiff seeks a declaratory judgment and monetary damages (Id. at 18).

Under 28 U.S.C. § 1915A, a district court must screen prisoners' civil complaints against government officials or entities and dismiss the complaints if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. In pertinent part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and prisoners who pay the requisite filing fee.

The procedure required by § 1915A is by its terms a screening process, to be applied *sua sponte* and as early as possible in the litigation. *See* 28 U.S.C. § 1915A(a). Because Defendants are governmental employees, Plaintiff's complaint is subject to review pursuant § 1915A.

## Discussion

After careful consideration of Plaintiff's complaint, the Court finds that this action is due to be dismissed.

## A. Judge Heinrich

A state court judge is entitled to absolute judicial immunity from damages for those acts or omissions which occurred while she was acting in her judicial capacity and within her jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 357, 362 (1978); *Scott v. Hayes*, 719 F.2d 1562, 1563 (11th Cir. 1983). A judge is entitled to this immunity even though she acts "in excess of [her] jurisdiction, and [her actions] are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. at 356, *quoting Bradley v. Fisher*, 80 U.S. 335 (1872). "Judicial immunity is defeated in only two sets of circumstances: (1) where the judge's actions are non-judicial or (2) where the judge's actions are taken in complete absence of all jurisdiction." *Bevan v. Steele*, 2011 U.S. App. LEXIS 4515 *2 (11th Cir. Mar. 7, 2011) (unpublished opinion) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)) (per curiam). An act is done in "clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which he presides. *Dykes v. Hosemann*, 776 F.2d 942, 946-47 (11th Cir. 1985) (citations omitted).

Plaintiff's allegations against Judge Heinrich do not support the assertion that the purported wrongful conduct was non-judicial. Instead, the allegations indicate that the actions were taken as part of the normal conduct of the court, in relation to a case pending before the court. Further, the complaint does not assert facts that indicate the matters upon which the judge acted are outside the subject matter jurisdiction of the court over which the

3

judge presides. Accordingly, Plaintiff's claim against Judge Heinrich is barred by absolute judicial immunity.

**B.** **Assistant State Attorney Silverman**

It is apparent from the allegations of the complaint that prosecutorial immunity bars recovery on Plaintiff's claim against Defendant Silverman. A prosecutor is entitled to absolute immunity for all actions performed within the scope of the prosecutor's role as a government advocate. *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). Absolute immunity extends to a prosecutor's acts performed "in preparing for the initiation of judicial proceedings for trial, and which occur in the course of his role as an advocate for the State." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). "Absolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously. . . ." *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (quotations omitted). *See also Guzman-Rivera v. Rivera-Cruz*, 55 F.3d 26, 31 (1st Cir. 1995) ("Even if it were shown that [prosecutors] reviewed evidence, found Guzman innocent, and did nothing, their decision withal not to dismiss his criminal case lies at the heart of prosecutorial function.") (citation omitted). Plaintiff's allegations against Defendant Silverman do not support the assertion that her purported wrongful conduct was outside her role as a prosecutor. Thus, Defendant Silverman is entitled to prosecutorial immunity.

## C. Defendants Gilman, Holt, and Watson

Plaintiff sues his court appointed defense attorneys, apparently for negligent representation. Plaintiff's claims against Defendants Gilman, Holt, and Watson are fatally flawed because the complaint fails to meet the requirements of a § 1983 action as these defendants are not "person[s]" acting "under of color of [state law]" for the purposes of the statute.[1] The United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County, et al. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted). Plaintiff's allegations are based on his attorneys' actions while "performing a lawyer's traditional functions" as described in *Dodson*. Therefore, Defendants Gilman, Holt, and Watson were not acting under color of state law and are not liable under Section 1983.

## D. Declaratory Relief

To the extent Plaintiff seeks a declaratory judgment that Defendants violated his constitutional rights, "it is generally improper to issue a declaratory judgment against state officials when there is 'no claimed continuing violation of federal law.'" *Sibley v. Lando*,

---

[1] In relevant part, 42 U.S.C. § 1983 states:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

2005 U.S. Dist. LEXIS 46391, at *16 (S.D. Fla. Apr. 6, 2005) (unpublished opinion) (quoting *Green v. Mansour*, 474 U.S. 64, 73 (1985)). The complaint does not allege that any violations by Defendants are continuing. Rather, the prayer for declaratory relief relates solely to alleged past violations by Defendants. Therefore, Plaintiff's request for declaratory relief shall be dismissed.

## CONCLUSION

The Court, in viewing the facts alleged in the light most favorable to Plaintiff, concludes that no relief could be granted against Defendants under any set of facts that could be proved consistent with the allegations in Plaintiff's complaint. *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001) (citing *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)).

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's civil rights complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b) (Dkt. 1).

2. The Clerk of Court shall terminate all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 16, 2012.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*